UNITED STATES DISTRICT COURT

DISTRICT OF OREGON


JUSTIN ALDERMAN,

      Plaintiff,

    v.

ALFALFA FIRE DISTRICT, *et al.*,

      Defendants.

Case No. 6:26-cv-00952-MTK

**OPINION AND ORDER**


**KASUBHAI,** United States District Judge:

Plaintiff Justin Alderman, a Prineville journalist, brings a series of pro se claims under the First Amendment against the Alfalfa Fire District ("District"), several of its officers, and several of its board members. Compl. ¶¶ 1, 2, 7-13; 26-35, ECF No. 1. Plaintiff alleges that Defendants violated his First Amendment rights by, among other things, excluding his in-person attendance of the District's public meetings, limiting his and others' access to the Distrct's facilities, and retaliated against him for reporting on the District. Compl., 26-35. Plaintiff filed an Emergency Ex Parte Motion for a Temporary Restraining Order to restore his access to the meetings and the premises. For the reasons below, Plaintiff's Motion for a Temporary Restraining Order is granted in part. The Court does not reach Plaintiff's Motion for a

Page 1 — OPINION AND ORDER

Preliminary Injunction, filed in the same brief as the Temporary Restraining Order, to allow Defendant an opportunity to respond.

## BACKGROUND

Plaintiff alleges the following facts. Plaintiff investigates the District and attends public meetings at the District's fire station. *E.g.*, Compl. 4-6, 8. Plaintiff attended the District's April 8, 2026, public meeting. *See* Compl. ¶¶ 45-51. In that meeting, the District adopted a public meeting and facility security policy ("Policy"). Compl. ¶ 46, Ex. 1 ("Resolution 2026-4") ECF No. 1-1. The Policy allows public access to District facilities during public meetings but limits access to the duration of public meetings. Resolution 2026-4. After the public meeting ends, "individuals must promptly exit interior facilities and any restricted operational areas." Resolution 2026-4. The policy also limits access to exterior areas like parking lots and access routes "as necessary to ensure safe operations." Resolution 2026-4. If an individual violating the Policy refuses to leave after being directed to leave, they may be subject to trespass enforcement. Resolution 2026-4.

After the meeting ended, Plaintiff sought comment from District board members relating to his investigations of the District. Compl. ¶ 48. District officials ordered Plaintiff to leave, and he exited the building where the meeting took place. Compl. ¶¶ 48-51. Plaintiff then discussed the District's activities with a member of the public. Compl. ¶¶ 51, 53. A District official ordered Plaintiff to move outside of the fire station property if they wanted to continue their conversation. Compl. ¶ 55. Plaintiff moved near two parked vehicles and continued his conversation with the member of the public until a District official warned the District would enforce its newly adopted Policy if needed. Compl. ¶¶ 56-64. The member of the public left, but Plaintiff remained, believing he was in a publicly accessible space and not interfering with the District. Compl. ¶ 65-66. A second District official told Plaintiff that he would call law

Page 2 — OPINION AND ORDER

enforcement if Plaintiff did not leave. Compl. ¶ 68. Plaintiff remained, and law enforcement officials arrived, stating that they were going through the process to issue a trespass to Plaintiff. Compl. ¶¶ 70-74. After Plaintiff refused to leave, A law enforcement official told Plaintiff that he would be arrested if he did not leave. Compl. ¶ 74. Plaintiff then left. Compl. ¶ 75.

Plaintiff returned to the fire station on April 9th, 2026, to research and seek comments from District officials regarding his investigation into allegations of the District's nepotism and misuse of funds. Compl. ¶ 82. District officials refused to speak with Plaintiff and demanded that he leave. Compl. ¶¶ 83-84. Plaintiff left briefly but returned to record who was coming and going from the station. Compl. ¶¶ 87-89. Plaintiff eventually left the fire station later that day. Compl. ¶ 90

Plaintiff continued to investigate and report on the District, publishing an article discussing the District's alleged violation of election law on April 24, 2026. Compl. ¶¶ 92-99. On April 27, Plaintiff filed a complaint in Deschutes County Circuit Court alleging that the District violated Oregon's public meeting laws. Compl. ¶ 102.

On the same day, an attorney representing the District sent Plaintiff a "FORMAL NOTICE OF TRESPASS" citing Plaintiff's alleged violation of the Policy. Compl. Ex. 2 ("Trespass Notice") ECF No. 1-2. The Notice prohibits Plaintiff from being on the District's premises and warns that Plaintiff would face criminal trespass charges if he entered the District's premises. Trespass Notice.

Plaintiff seeks a temporary restraining order preventing the District from enforcing the challenged policy, generally, and, specifically, the formal notice of trespass against Plaintiff.

## STANDARDS

In deciding whether to grant a motion for temporary restraining order, courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary

injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his or her favor; and (4) that an injunction is in the public interest. *Id.* at 20 (rejecting the Ninth Circuit's earlier rule that the mere "possibility" of irreparable harm, as opposed to its likelihood, was sufficient, in some circumstances, to justify a preliminary injunction).

The Supreme Court's decision in *Winter*, however, did not disturb the Ninth Circuit's alternative "serious questions" test. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under this test, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132. Thus, a preliminary injunction may be granted "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012).

## DISCUSSION

Plaintiff brings his First Amendment claims under Section 1983 against the District and seven of its individual officers and board members in their individual capacity. Compl. ¶¶ 6-12. The Court considers only Plaintiff's claim against the District for purposes of the Temporary Restraining Order because the relief plaintiff seeks flows from that claim. Plaintiff alleges that the Policy and its enforcement against him result from official practices and decisions of the District, and that District acted under color of state law. Compl. ¶¶ 184, 185. Plaintiff seeks a

temporary restraining order to allow his attendance at the May 13, 2026, public meeting set for 5:00 PM.

## I.    Balance of Hardships and the Public Interest

The Court finds that the imminent violation of Plaintiff's First Amendment rights constitutes irreparable injury. *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) ("It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'") (citation omitted). The Court further finds that the balance of equities and the public interest weigh in Plaintiff's favor considering the importance of Plaintiff's free speech and free press rights and the comparable lack of injury to Defendants. *See also id.* "[I]t is always in the public interest to prevent the violation of a party's constitutional rights." (citation omitted). The Court applies the serious questions test because the balance of hardships and the public interest tip sharply in Plaintiff's favor.

## II.    Serious Questions

For purposes of the temporary restraining order, Plaintiff challenges the constitutionality of the Policy, arguing it (1) restricts access of public areas outside the fire station, restricts post-meeting activities, and retaliates against him in violation of the First Amendment and (2) unconstitutionally bans him from attending the District's public meetings. The Court finds that Plaintiff's challenges relating to areas outside the fire station, post-meeting activities, and retaliation require further record development and therefore declines to address it in this Order.

### A.    Freedom of Speech

Courts assess a government's restriction on speech by examining whether the speech is protected, whether the speech occurs in a public or non-public forum, and whether the restriction satisfies the requisite standards. *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 797 (1985). A journalist's participation in public meetings is likely protected speech. *See*

*White v. City of Norwalk*, 900 F.2d 1421, 1425 (9th Cir. 1990) (recognizing citizens "enormous first amendment interest in directing speech about public issues").

First Amendment protections are strongest in designated public forums, such as a public park, because those places have been designated for public assembly and debate. *Cornelius*, 473 U.S. at 802. First Amendment protections are less robust in a limited public forum, which is a public area "limited to use by certain groups or dedicated solely to the discussion of certain subjects." *Reza v. Pearce*, 806 F.3d 497, 503 (9th Cir. 2015) (quoting *Pleasant Grove City, Utah v. Summum*, 555 U.S. 460, 470 (2009)). Public meetings of public bodies are generally limited public forums. *See, e.g.*, *White*, 900 F.2d at 1425 (holding a city council meeting was a limited public forum); *Reza*, 806 F.3d at 503 (holding state senate hearing was a limited public forum). For purposes of this Order, the Court considers the District's public meetings a limited public forum because they occur inside the fire station, an area seemingly opened specifically for the limited purpose to allow the public's participation in the District's business, much like a city council meeting.

In a limited public forum, public bodies may "regulate not only the time, place, and manner of speech . . . , but also the content of speech—as long as content-based regulations are viewpoint neutral and enforced that way." *Norse v. City of Santa Cruz*, 629 F.3d 966, 975 (9th Cir. 2010). Restrictions must "comport with the definition of the forum," be "reasonable in light of the purpose of the forum," and "not discriminate by viewpoint." *OSU Student All. v. Ray*, 699 F.3d 1053, 1062 (9th Cir. 2012).

**B.      Prohibiting Plaintiff's Attendance at Public Meetings**

The District may reasonably restrict speech in its meetings to achieve legitimate goals such as minimizing disruption in the meetings or addressing safety concerns. A categorical exclusion from any public meeting based on isolated past incidents of investigation after past

meetings have concluded are unrelated to those goals. Nor may the District exclude Plaintiff from public meetings for hypothetical disruptions or violations of this Policy based solely on this past conduct. *See Norse*, 629 F.3d at 976 (stating "[a]ctual disruption means actual disruption" when finding an exclusion from a limited public forum based on hypothetical disruption unlawful); *Walsh v. Enge*, 154 F. Supp. 3d 1113, 1131-32 (D. Or. 2015) (finding prospective exclusion from city council meetings based on allegations of past disruption unconstitutional). The restriction on Plaintiff's ability to attend public meetings is unreasonable in light of the purpose of the public meetings (ostensibly, to facilitate public discourse and awareness of District activity). *See Reza*, 806 F.3d at 505 (finding "imposing a complete bar on . . . entry into [a limited public forum], clearly exceeds the bounds of reasonableness"). For the same reasons, the District may not exclude Plaintiff from the access points and other areas as necessary to come and go from the District's public meetings.

The fact that Plaintiff may attend the District's public meetings via video conference does not cure the prohibition because it is insufficient to accomplish the public discourse encouraged by the public meetings. *See Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 516 (1981); *see also Walsh*, 154 F. Supp. 3d at 1132-33 (explaining why teleconference access to city council meetings was an insufficient alternative to attending them in-person).

Plaintiff has therefore shown serious questions that the District's efforts to prohibit him from public meetings at the fire station violate his rights under the First Amendment.

**IT IS HEREBY ORDERED:**

1.  The Alfalfa Fire District and any officials are enjoined from enforcing the Formal Notice of Trespass against Plaintiff to exclude him from public meetings or other District facilities used to come and go from the District's public meetings within thirty minutes prior to the beginning and after the end of any Public Meeting.

2.  Plaintiff shall serve this Order and the underlying motion on the Defendants forthwith upon entry.

3.  No security is required under Rule 65(c) because "there is no realistic likelihood of harm to the defendant from enjoining [its] conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003).

4.  A hearing on a preliminary injunction will be held on May 26, 2026, at 9:30 AM, at the Wayne L. Morse U.S. Courthouse, 405 East Eighth Avenue, Eugene, Oregon 97401 in Courtroom 1. Defendants may appear and move to dissolve or modify this Order on two days' notice or such shorter notice as the Court may set.

5.  This Order shall remain in effect for fourteen days from entry, unless extended for good cause shown or by consent of the adverse party.

DATED this <u>13th</u> day of May 2026.

<u>s/ Mustafa T. Kasubhai</u>
MUSTAFA T. KASUBHAI (he/him)
United States District Judge