UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JUSTIN ALDERMAN,

Plaintiff,

v.

ALFALFA FIRE DISTRICT, *et al.*,

Defendants.

Case No. 6:26-cv-00952-MTK

**ORDER**

**KASUBHAI,** United States District Judge:

Plaintiff Justin Alderman ("Plaintiff") moves for a preliminary injunction seeking an order (1) enjoining certain Defendants from administering public meetings in a manner that discriminates against him or any other member of the public, (2) enjoining Defendants from denying him or any other member of the public equal treatment, opportunity, or speaking time during any public-comment period, (3) enjoining certain Defendants from limiting the speaking opportunity of Plaintiff or anyone else on the basis that the Defendants elect not to answer the questions, and (4) reinstating the substance of the Court's prior Preliminary Injunction Order. Renewed Emergency Mot. for TRO and Prelim. Inj. ("Pl.'s Mot.") 17, ECF No. 31. Plaintiff's Motion (ECF No. 31) is denied.

With respect to Plaintiff's request that the Court reinstate its prior Preliminary Injunction Order, the record shows that Defendants continue to comply with the terms of the Court's prior order which expired on its own terms by Plaintiff's design. Laucks Decl. ¶ 2, ECF No. 37. Plaintiff produced no evidence to the contrary.

Plaintiff's remaining requests are lacking in the required specificity and overly broad. An injunction must be specific enough that a defendant knows how to comply. *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1133-34 (9th Cir. 2006). Plaintiff's proposed injunction lacks the required specificity because it provides little more guidance to Defendants than existing law. *See Cuviello v. City of Oakland*, No. 06-5517, 2009 WL 734676, at *3 (N.D. Cal. March 19, 2009) (discussing the impermissibility of "obey the law" injunctions).

Injunctions must also not be overly broad. *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 886 F.3d 803, 823 (9th Cir. 2018). An injunction is overly broad if it provides more than incidental relief to those other than the plaintiff. *L.A. Press Club v. Noem*, 171 F.4th 1179, 1190-91 (9th Cir. 2026). Here, Plaintiff's requested relief is overly broad because he requests relief for himself and any other members of the public who attend the District's public meetings.

The Court also notes that Plaintiff seeks relief that goes beyond that requested in his complaint. A district court may not grant injunctive relief that lacks a "a sufficient nexus" with the claims in the underlying complaint such that the injunction would not grant "relief of the same character as that which may be granted finally." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). Notwithstanding its broad allegations of viewpoint discrimination, Plaintiff's complaint centered on allegations that Defendants trespassed him to prevent him from attending public meetings and prevented him from interviewing individuals

before and after those meetings. Plaintiff now seeks relief that directs the Defendants how to administer the District's public meetings.

Finally, Plaintiff has not made the required showing on the merits. To obtain preliminary injunctive relief, a plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1135 (9th Cir. 2011).

Plaintiff fails to establish these elements because the record, at this stage, does not show a likelihood or serious questions that Plaintiff was afforded materially different speaking time than other members of the public during the June 30, 2026, meeting, or that Defendants limited his speaking time in discrimination of his views. Plaintiff points particularly to a point in the meeting where Defendants cut him off after he asked a series of questions. The Court has reviewed Plaintiff's video recording of the June 30, 2026, meeting. *See* Pl.'s Mot. 1 (providing URL). Defendant Laucks states that he restricted Plaintiff's speaking time due to the repetitiveness of his questioning and in an effort to run the meeting efficiently rather than to discriminate against his viewpoint. Lauks Decl. ¶¶ 7-8. Defendants afforded Plaintiff multiple other opportunities to ask questions later in the meeting and stated he could ask more questions at a later date. In light of the recording, Defendant Lauks' explanation, and Plaintiff's later opportunities to ask questions, Plaintiff has not shown a likelihood of success or serious

questions going to the merits of his claims that Defendants discriminated against his viewpoint in the June 30, 2026, meeting.

For the reasons above, Plaintiff's Motion for a Preliminary Injunction (ECF No. 31) is DENIED.

DATED this 5th day of October 2026.

MUSTAFA T. KASUBHAI (he/him)
United States District Judge